UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| George Cleveland, III,<br>f/k/a George Cleveland, III, #357770, | ) C/A No. 8:17-2922-RBH-TER<br>)<br>) |
| Plaintiff, | ) ORDER<br>) |
| vs. | )<br>) |
| State of South Carolina, | )<br>) |
| Defendant. | )<br>) |

This is a civil action filed by a *pro se* litigant. Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District Court of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

## MOTION TO RECUSE

Plaintiff's Motion for Recusal is **denied**. (ECF No. 3). Plaintiff requests a new district judge and magistrate judge on this case, citing "grossly poor judicial temperament" and "violating my civil rights in my collateral post-conviction case in South Carolina State Court." (ECF No. 3). As described in the attached Report and Recommendation, this court lacked jurisdiction in the prior case mentioned by Petitioner in the Motion and again lacks jurisdiction in this case. Plaintiff misunderstands the law of removal jurisdiction. Plaintiff does not provide, and the Court is not aware of a basis for disqualification of the undersigned that would be appropriate in this matter. *See* 28 U.S.C. § 455. The undersigned is "presumed to be qualified, and there must be a substantial burden upon the affiant to show grounds for believing the contrary." *Nakell v. Attorney Gen. of N.C.*, 15 F.3d 319, 325 (4 Cir. 1994); *see also U.S. v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977) ("A judge is not disqualified merely because a litigant sues or threatens to sue him."). Under the objective standard, a reasonable outside observer, aware of all the facts and circumstances of this case, would not question the undersigned's impartiality. *See id.* at 286. Plaintiff's contentions do not establish a violation requiring recusal/disqualification. "To disqualify oneself in such circumstances would be to set the price of maintaining the purity of appearance too high —it would allow litigants to exercise a negative veto over the assignment of judges." *U.S. v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998)(internal citations and quotations omitted). Thus, Plaintiff's Motion for Recusal is denied.

## TO THE CLERK OF COURT:

The above-captioned case is subject to summary dismissal. Hence, the Office of the Clerk of Court is directed *not* to issue any summons at this time in the above-captioned case, unless instructed by a United States District Judge or a Senior United States District Judge to do so.

**TO PLAINTIFF:**

Plaintiff must place the civil action number listed above on any document provided to the Court provided in connection with this case. Any future filings **must be sent to the address below.** All documents requiring Plaintiff's signature shall be signed with Plaintiff's full legal name written in Plaintiff's own handwriting. *Pro se* litigants, such as Plaintiff, shall not use the "s/typed name" format used in the Electronic Case Filing System. In all future filings with this Court, Plaintiff is directed to use letter-sized (8½ inches by 11 inches) paper only, to write or type text on one side of a sheet of paper only and not to write or type on both sides of any sheet of paper. Plaintiff is further instructed not to write to the edge of the paper, but to maintain one-inch margins on the top, bottom, and sides of each paper submitted.

Plaintiff is a *pro se* litigant. Plaintiff's attention is directed to the following important notice:

You are ordered to always keep the Clerk of Court advised **in writing** (**Post Office Box 2316, Florence, South Carolina 29503)** if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this Order, you fail to meet a deadline set by this Court, your case may be dismissed for violating this Order. Therefore, if you have a change of address before this case is ended, you must comply with this Order by immediately advising the Clerk of Court in writing of such change of address and providing the Court with the docket numbers of all pending cases you have filed with this Court. Your failure to do so will not be excused by the Court.

IT IS SO ORDERED.

s/ Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

November 13, 2017
Florence, South Carolina