UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| George Cleveland, III, | ) | Civil Action No.: 8:17-cv-02922-RBH |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| State of South Carolina, | ) | |
| Defendant. | ) | |

This matter is before the Court for consideration of Plaintiff's objections to the Magistrate Judge's (1) order denying Plaintiff's motion to recuse and (2) Report and Recommendation ("R & R") recommending summary dismissal of this case.[1] *See* ECF Nos. 6, 7, 8, 11, & 14.

## I. Objections to Order Denying Motion to Recuse

Plaintiff objects to the Magistrate Judge's order denying recusal of himself and the undersigned district judge. *See* ECF Nos. 6, 7, & 14. Plaintiff's motion to recuse is a nondispositive matter,[2] and therefore the Court must affirm the Magistrate Judge's order unless it is "clearly erroneous or contrary to law." *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *see, e.g.*, *Kiser v. Ferris*, 2009 WL 1770084, at *1 (S.D.W. Va. June 16, 2009) (recognizing a motion to recuse is a nondispositive matter). The Court agrees with the Magistrate Judge's conclusion that Plaintiff has not established extrajudicial bias warranting disqualification of the Magistrate Judge or the undersigned. *See* ECF No. 6 at p. 1 (citing 28 U.S.C. § 455, the judicial disqualification statute). Plaintiff's contentions all relate to judicial

---

[1] The Magistrate Judge issued the order and the R & R in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.).

[2] A party contesting a magistrate judge's ruling on a nondispositive matter must serve and file objections within fourteen days after being served with a copy of the order. *See* Fed. R. Civ. P. 72(a). Within the time for filing objections to the order denying recusal, Plaintiff filed a motion requesting an extension of time to file objections. *See* ECF No. 10. Thus, the Court will grant Plaintiff's motion and consider his objections as timely filed.

rulings made by the Magistrate Judge and the undersigned, which are not a basis for recusal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987) ("The nature of the judge's bias must be personal and not judicial."). Accordingly, the Court will affirm the Magistrate Judge's order because it is neither clearly erroneous nor contrary to law.

## II.     Objections to R & R

Plaintiff objects to the Magistrate Judge's R & R recommending summarily dismissal of the Notice of Removal in this case. *See* ECF Nos. 8 & 11.

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which specific objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

Here, Plaintiff purports to remove a case—his state post-conviction relief ("PCR") appeal—from the South Carolina Supreme Court to this federal district Court. This is Plaintiff's second attempt to do so, *see Cleveland v. State of South Carolina*, No. 4:17-cv-02138-RBH (D.S.C.) (Plaintiff's first attempt), and the Magistrate Judge thoroughly and correctly explains why Plaintiff cannot proceed in this fashion.[3] *See* R & R at pp. 1–3. The Court lacks jurisdiction over this case, and therefore must dismiss Plaintiff's purported Notice of Removal.[4]

**Conclusion**

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for an extension [ECF No. 10], **OVERRULES** Plaintiff's objections, **AFFIRMS** the Magistrate Judge's order [ECF Nos. 6 & 7] denying Plaintiff's motion to recuse, **ADOPTS** the R & R [ECF No. 8], and **DISMISSES** the Notice of Removal in this case *without prejudice and without issuance and service of process*.

**IT IS SO ORDERED.**

Florence, South Carolina  s/ R. Bryan Harwell
December 19, 2017  R. Bryan Harwell
 United States District Judge

---

[3] The Court further notes that Plaintiff has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 relating to his PCR matter, and that habeas action is currently pending before the Magistrate Judge. *See Cleveland v. Adger*, No. 4:17-cv-03269-RBH-TER (D.S.C.).

[4] Plaintiff contends removal is proper under 28 U.S.C. § 1443 and the Supreme Court's decisions in *City of Greenwood, Mississippi v. Peacock*, 384 U.S. 808(1966), and *State of Georgia v. Rachel*, 384 U.S. 780 (1966), but that statute and those cases apply to civil rights cases pending in state trial courts. Additionally, although Plaintiff suggests the Magistrate Judge did not make the "proposed findings of fact" required by Federal Rule of Civil Procedure 72(b)(1), the R & R contains three such pages of proposed findings. *See* R & R at pp. 1–3.

3